# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL O. ROBERTSON**  **PLAINTIFF**
**#106563**

v.                    No: 4:22-cv-00194 JM-PSH

**RODIGUEZ**, *et al.*                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Michael O. Robertson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 28, 2022, while incarcerated at the Pulaski County Detention Facility (Doc. No. 1). Robertson has filed two *in forma pauperis* applications that remain pending (Doc. Nos. 6 & 11).

Robertson is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Robertson v. Freeman,* 4:21-cv-00939-BRW (E.D. Ark.); *Robertson v. Turn Key Medical,* 4:21-cv-01066-DPM (E.D. Ark.); and *Robertson v. Sims,* 4:20-cv-01512-JM (E.D. Ark.). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Robertson has filed three complaints (Doc. Nos. 1, 3 & 8). His allegations are difficult to follow, but liberally construing his complaints, he appears to allege that defendant Deputy Rodiguez arranged to have another inmate (who is also Rodigeuz's cousin) fight Robertson on February 16, 2022. Robertson also alleges that Sheriff Eric Higgins authorizes hits on inmates and refuses to fire officers that

do illegal things. Finally, he alleges that Dr. Cobb failed to treat his injuries stemming from this incident because of falsehoods made by others; however, he does not name Cobb as a defendant, and it is does not appear that he is attempting to describe a claim against her.

Because Robertson has not sufficiently described how he is in imminent danger of ongoing serious physical harm, his applications to proceed *in forma pauperis* should be denied. Furthermore, Robertson has not alleged facts to support a failure-to-protect claim. An action fails to state a claim upon which relief can be granted if it does not plead sufficient facts to "raise a right to relief above the speculative level" or "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To succeed on a failure-to-protect claim, a plaintiff must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). Robertson merely speculates that Rodiguez planned an attack on him with another inmate; he states that another inmate told him this but provides no specific facts to support that allegation. Because Robertson's allegations are speculative and conclusory, they should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1.  Robertson's pending motions for leave to proceed *in forma pauperis* (Doc. Nos. 6 & 11) be DENIED.

2.  Robertson's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

3.  Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

DATED this 13th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE